STEVENS, Appellant, vs. SHOLES and another, Respondents.

*September 3 — September 18, 1888.*

*Appealable order: Demurrer: Frivolousness.*

An order refusing to strike off a demurrer for frivolousness does not involve the merits of the action and is not appealable.

APPEAL from the Superior Court of *Milwaukee* County.

The complaint alleges that the defendants are partners, and at the times mentioned in the complaint were engaged as such in keeping, managing, and using a device designed and used for gambling purposes, commonly known as a faro bank, upon which they permitted persons to gamble, bet, and play for gain with cards; that on a day therein named the plaintiff intrusted to one James H. Stevens $500 in money, of which she was the owner, for the purpose of depositing the same for her exclusive use and benefit in a bank in the city of Milwaukee; that the said James H., instead of so depositing such money, thereafter bet and wagered the same for gain with defendants at said gambling device, and lost the same at said game, in consequence of which loss the said James H. paid over the said money to the defendants as winners thereof at said game; and that the defendants converted said money to their own use, and have refused on due demand to deliver the same to the plaintiff.

The defendants demurred to the complaint, alleging as grounds thereof that it does not state facts sufficient to constitute a cause of action. The plaintiff moved the court to strike out the demurrer as frivolous, and for judgment. The court denied the motion, and this appeal is by the plaintiff from the order in that behalf.

For the appellant there was a brief by *Frisby, Gilson & Frisby,* and oral argument by *L. F. Frisby.*

*A. G. Weissert,* for the respondents.

LYON, J.   While the statute (R. S. sec. 3069, subd. 4) gives an appeal from an order which strikes off a demurrer on account of the frivolousness thereof, it does not authorize an appeal from an order refusing to strike off the demurrer for that cause.   Such an order does not involve the merits of the action any more than does an order refusing to strike out portions of a pleading, which is not appealable.   The order refusing to strike off the demurrer is conclusive of nothing.   The demurrer still remains, and the determination of the issue of law made by it is unaffected by such refusal.   Instead of appealing from the order, the plaintiff should have brought the demurrer to argument, and then she might have appealed from the order of the court in that behalf, if adverse to her.   The right of appeal is purely statutory, and we find no statute which authorizes an appeal in a case like this.   The appeal must therefore be dismissed.

*By the Court.*— Appeal dismissed.

See note to this case in 39 N. W. Rep. 348.—REP.